UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF TEXAS, *ex rel.* SANOBER AMIN, M.D., | § § § § | |
| Plaintiffs/Relator, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-1021-B |
| OLIVER STREET 5.01(A), INC. d/b/a U.S. DERMATOLOGY PARTNERS, FACIAL AND SKIN SURGERY CENTER, PA, NICOLE REED MEDICAL, PLLC, d/b/a CENTER FOR DERMATOLOGY AND COSMETIC LASER SURGERY, DERMATOLOGY CENTER OF PLANO AND SKIN CANCER SURGERY SPECIALISTS OF NORTH TEXAS, ROBERT P. SELKIN, M.D., BRYAN A. SELKIN, M.D., and GILBERT T. SELKIN, M.D., D.M.D., individually and d/b/a as GILBERT SELKIN, M.D., D.M.D., PC, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Before the Court is Relator Sanober Amin (Relator)'s Counsel's Motion to Withdraw as Counsel (Doc. 76) and Supplemental Motion to Withdraw as Counsel (Doc. 78), and Relator's Motion to Dismiss (Doc. 83). The Court heard argument on the Motion to Withdraw at a hearing on July 14, 2022, at 10:00 a.m. At the hearing, in the alternative to withdrawal Relator's Counsel orally moved to enforce the settlement agreement between the Relator, the United States, and Oliver Street 5.01(A), Inc. d/b/a U.S. Dermatology Partners (USDP) (collectively, the Settling Parties). After hearing arguments from all the parties, including Relator and the United States, the

Court **GRANTED** Relator's Counsel's oral motion to enforce the settlement agreement.

Relator filed this suit against Defendants on April 24, 2020. *See* Doc. 2, Compl. The United States declined intervention on September 30, 2021, and the Court ordered the Complaint unsealed and served upon the Defendants. Doc. 20, Declination, 1; Doc. 21, Order Unsealing Case, 1. Relator amended her complaint on February 3, 2022, and brings four claims for violations of the False Claims Act, including a retaliation claim, as well as a claim for violation of the Texas Medicaid Fraud Prevention Act. Doc. 36, Am. Compl., ¶¶ 58–82. One month later, Defendants moved to dismiss the claims under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). Doc. 41, Physician Defs.' Mot. Dismiss; Doc. 45, USDP's Mot. Dismiss. On April 18, 2022, Relator moved to file a Second Amended Complaint. Doc. 58, Mot. Leave. The Court granted leave to file on May 9, 2022. Doc. 64, Order Granting Leave, 1. Defendants re-filed their motions to dismiss on May 12, 2022. Doc. 67, Physician Defs.' Mot. Dismiss; Doc. 70, USDP's Mot. Dismiss. On May 19, 2022, the parties filed a Joint Motion to Stay & Notice of Settlement because the parties "entered into a binding Settlement Term sheet." Doc. 71, Notice Settlement & Mot. Stay, 1. The Court stayed the case on May 20, 2022. Doc. 72, Elec. Order. However, by Status Reports dated June 29 and June 30, the parties informed the Court that Relator refused to sign the settlement agreement. Doc. 73, June 29 Status Rep., 1; Doc. 74, June 30 Status Rep., 1. Relator's Counsel filed their Motion to Withdraw on July 8, 2022, and supplemented their motion the next day. Doc. 76, Mot. Withdraw; Doc. 78, Suppl. Mot.

After hearing argument on the Motion to Withdraw, the Court asked the parties what relief they sought. Relator's counsel orally moved for the Court to enforce the settlement agreement or alternatively, to allow them to withdraw as counsel while allowing time for Relator to find new

counsel. Defendants did not oppose enforcement of the settlement agreement, but opposed any extension of time. In support of enforcement of the settlement agreement, USDP submitted exhibits of the terms sheet, settlement agreement, signature pages, and an email sent by the Relator to USDP's counsel, the United States Attorney's Office, and her attorneys. Relator opposed enforcement of the settlement agreement, opposed her attorneys' Motion to Withdraw, and sought a stay of the case for thirty days from the time of her attorneys' motion to withdraw in order to find a new attorney.

"A settlement agreement is a contract." *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992) (citing *In re Raymark Indus., Inc.*, 831 F.2d 550, 553 (5th Cir. 1987)). The validity and enforceability of such an agreement is determined by federal law. *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). "[A] binding contract requires '(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding.'" *In re Capco Energy, Inc.,* 669 F.3d 274, 279–80 (5th Cir. 2012) (quoting *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 n.17 (5th Cir. 2002)). "A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement." *Weaver v. World Fin. Corp. of Tex.*, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010) (citing *Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998) (per curiam)).

After reviewing the exhibits provided at the hearing, the Court found the Settling Parties entered into a valid and enforceable settlement agreement on May 16, 2022, despite Relator later

refusing to sign the agreement. All Settling Parties signed the terms sheet, which later became the settlement agreement. Accordingly, the Court enforced the settlement agreement. *Cf. West v. ABM Indus.*, 2021 WL 4978447, at *1–2 (N.D. Tex. June 1, 2021). Because the Settling Parties have now settled this case, Relator's Motion to Dismiss (Doc. 83) is **GRANTED** and the Court **DISMISSES** this case in its entirety as specified in a separate judgment. Relator's Counsel's Motion to Withdraw (Doc. 76) and Supplemental Motion to Withdraw (Doc. 78) are **DENIED** as **MOOT**.

**SO ORDERED**.

**SIGNED: August 11, 2022.**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**